IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| CYNTHIA PATRICE EVANS,<br><br>  Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>  Defendant. | CIVIL ACTION NO.: 5:20-cv-127 |

**REPORT AND RECOMMENDATION**

Plaintiff contests the decision of Administrative Law Judge David Peeples ("the ALJ" or "ALJ Peeples") denying Plaintiff's claim for period of disability and disability insurance benefits. Plaintiff urges the Court to reverse the ALJ's decision. Docs. 14, 18. Defendant asserts the Commissioner's decision should be affirmed. Doc. 15. For the reasons which follow, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

**BACKGROUND**

Plaintiff filed an application for Period of Disability and Disability Insurance benefits on September 21, 2017, alleging an onset date of April 12, 2017. R. 86.[1] On June 4, 2019, ALJ

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Numbers 8-1 through 8-10. Although the transcript is broken into multiple PDF documents, each with its own CM/ECF docketing number, the transcript bears individual page numbers that run sequentially through the entire transcript. Record citations in this Report (identified with "R.") are to the individual transcript page numbers. For efficiency, no reference to the CM/ECF docketing number or the respective PDF page numbers is provided here.

Peeples held a hearing at which Plaintiff, who was represented by counsel, appeared and testified.  Id.  Tim Stambaugh, a vocational expert, also appeared at the hearing.  Id.  ALJ Peeples denied Plaintiff's claim for disability after the hearing in a decision issued on August 8, 2019.  R. 86–97.  The Appeals Counsel denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  R. 1.

Plaintiff, born on July 17, 1961, was 56 years old at the time of the alleged onset date and 58 years old at the time of the ALJ's decision in 2019.  R. 419.  Plaintiff has a high school education and previously worked as a companion and residence supervisor and nurse assistant.  R. 96, 511, 523.

## DISCUSSION

**I.     The ALJ's Findings**

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A).  Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

2

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

3

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since her alleged onset date, April 12, 2017.  R. 89.  At step two, ALJ Peeples determined Plaintiff has the following severe impairments: cervical disc disorder with radiculopathy, lumbosacral spondylosis, and carpal tunnel syndrome.  Id.  The ALJ determined Plaintiff does not have any non-severe medical impairments supported by the record.  Id.  At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet or medically equally the severity of a listed impairment.  R. 89–90.  The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform work at the light exertional level with the following modifications: can lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently; can stand and walk for 4 hours in an 8-hour workday and sit for a total of 6 hours in an 8-hour workday; can occasionally climb ramps, stairs, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; frequently balance; frequently handle and finger with the right upper extremity; must avoid concentrated exposure to wetness and vibration; and only moderate exposure to workplace hazards such as unprotected heights and moving mechanical parts.  R. 90–96.  At the next step, the ALJ noted Plaintiff can perform past work as a companion.  R. 96.  At the final step, the ALJ concluded Plaintiff is not disabled.  R. 97.

**II.    Issues Presented**

Plaintiff asserts remand is required because: (1) the unconstitutional structure of the Social Security Administration regarding the President's ability to remove the Commissioner entitles Plaintiff to a rehearing; and (2) the ALJ improperly rejected the opinion medical sources, without providing reasons supported by substantial evidence.  Doc. 14.

**III.    Standard of Review**

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision. Wiggins v. Schweiker,

679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

**IV.     Whether the ALJ Properly Evaluated Relevant Medical Opinions**

Plaintiff argues the ALJ improperly discounted the opinions of physical therapist Phillip Suess and Dr. Christopher Bovinet, Plaintiff's treating physician. Doc. 14 at 13–21. Specifically, Plaintiff argues the ALJ did not identify any evidence inconsistent with Mr. Suess or Dr. Bovinet's opinions and selectively cited the record to discount limitations regarding Plaintiff's gait abnormality, ignoring the record as a whole. Id. Finally, Plaintiff asserts these errors were harmful. Id. at 20–21.

Defendant argues the ALJ properly evaluated the opinions of Mr. Suess and Dr. Bovinet. Doc. 15 at 17–25. Defendant contends ALJ Peeples properly evaluated the supportability and consistency factors as required by the pertinent Regulations and was not required to discuss every piece of evidence in the record while doing so. Ultimately, according to Defendant, substantial evidence supports the ALJ's findings on the relevant medical opinions.

**A.     Legal Standard**

An ALJ looking at medical opinions "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 416.920c(a); see Works v. Saul, No. 4:19-CV-1515, 2021 WL 690126, at *15, 24 (N.D. Ala. Feb. 23, 2021).[2] Instead, "when evaluat[ing] the persuasiveness of medical opinions," the ALJ "will consider

---

[2]     On January 18, 2017, the Social Security Administration substantially revised the Regulations governing how the Commissioner considers medical evidence, including medical opinions. See 82 Fed. Reg. 5844 (Jan. 18, 2017); 82 Fed. Reg. 15,132 (Mar. 27, 2017). Those revisions apply to claims filed on or after March 27, 2017, and are, therefore, applicable in this case. Compare 20 C.F.R. § 416.920c (applicable to claims filed on or after on or after March 27, 2017) with 20 C.F.R. § 416.927 (applicable to claims filed before March 27, 2017).

those medical opinions . . . using the factors listed . . . the most important factors . . . [being] supportability . . . and consistency." 20 C.F.R. § 416.920c. For purposes of medical opinions, supportability relates to "the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinions" while consistency relates to "the more consistent a medical opinion. . . . is with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(1)–(2). The ALJ must articulate how supportability and consistency "were considered for a medical sources opinion, but an ALJ is not required to articulate consideration of the remaining factors." Anthony v. Kijakazi, CV 120-110, 2021 WL 4304725, at *3 (S.D. Ga. Sept. 3, 2021) (citing 20 C.F.R. §416.920c(b)(2) and Uresi v. Comm'r of Soc. Sec., No. 2:20-CV-367, 2021 WL 2644549, at *4 (M.D. Fla. June 28, 2021)). The ALJ must "provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." Works, 2021 WL 690126 at *15 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)); see Jackson v. Soc. Sec. Admin., Comm'r, 779 F. App'x 681, 684 (11th Cir. 2019).[3]

### B. Analysis

The ALJ discussed the opinions of Mr. Suess and Dr. Bovinet when determining Plaintiff's RFC. As explained above, ALJ Peeples must assess consistency and supportability, which requires the ALJ to articulate whether Mr. Suess and Dr. Bovinet's opinions are supported by the objective medical evidence and supporting explanations and whether their opinions are

---

[3] In revising the Regulations to remove the treating source rule, the Social Security Administration explained, "[U]nder the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether *substantial evidence* supports our final decision[.]" Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (emphasis added). Accordingly, nothing in the revised Regulations alters the requirement the ALJ's decisions be supported by substantial evidence.

consistent with other medical and non-medical sources in the record. See also Cook, 2021 WL 1565832, at *3 ("Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.").

### 1. *Whether the ALJ properly evaluated the opinion of Mr. Suess.*

Plaintiff challenges the ALJ's treatment of Mr. Suess' opinion.[4] Mr. Suess opined, among other things, Plaintiff could stand for one to two hours a day and work only three hours a day. R. 1223. ALJ Peeples explained Mr. Suess' opinion that Plaintiff could stand only one to two hours a day is not consistent with treatment records noting no gait abnormality. R. 94. Further, ALJ Peeples determined Mr. Suess' opinion that Plaintiff can only work three hours per day is "generally inconsistent" with the record. Id. The ALJ is addressing the consistency factor in § 416.920c when he indicates Mr. Suess' opinion is contrary to other medical evidence in the record. See 20 C.F.R. § 416.920c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). The ALJ provided sufficient citations to the medical record when rejecting Mr. Suess' standing limitation. ALJ Peeples cited to treatment records from other providers where they note Plaintiff's gait is normal. R. 94 (citing R. 616,

---

[4] The Court also acknowledges Plaintiff's arguments the ALJ only found non-examining, non-treating sources persuasive and those sources did not consider complete treating sources records or opinions. Doc. 14 at 18; Doc. 18 at 10. The ALJ discounted the two examining treating sources—Mr. Suess and Dr. Bovinet—while finding persuasive the opinion of Dr. German, a non-treating source, who did not review Mr. Suess or Dr. Bovinet's treatment records or opinions. Though the new Regulations eliminate the distinction between treating and non-treating sources, the ALJ's treatment of these various opinions still warrants scrutiny. Compare 20 C.F.R. § 404.1527(c)(2) (2016) and 20 C.F.R. § 404.1527(c)(2) (2017) with 20 C.F.R. § 404.1520c(b) (2017).

8

619, 621, 623, 624, 683, 830, 838, 960, 1141, 1315, 1408, 1417).  Thus, Plaintiff's challenge to ALJ Peeples' assessment of Mr. Suess' standing limitation is not persuasive.

On the other hand, Plaintiff's argument the ALJ failed to properly assess the consistency factor when discounting Mr. Suess' work-hours opinion prevails.  When rejecting Mr. Suess' opinion on Plaintiff's ability to work only three hours a day, ALJ Peeples does not provide any citation to or indication of what other medical evidence he deemed inconsistent.  The ALJ's failure to cite to any records prevents meaningful review of his assessment.  Works, 2021 WL 690126, at *15 ("The Court does not believe an ALJ satisfies his obligation to 'explain how we considered the supportability and consistency factors for a medical source's medical opinions' by stating only that a medical opinion 'is somewhat consistent with the entire medical record.'").  The ALJ providing an indication as to what records support his findings is especially important given his obligation to address consistency and supportability.  Id. ("Though 20 C.F.R. § 416.920c(b) recognizes that an ALJ cannot possibly articulate for each medical source how the ALJ considered all of the § 416.920c(c) factors, § 416.920c(b) requires more than a conclusory statement, at least with respect to the supportability and consistency factors so that a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions.").  The terse treatment by ALJ Peeples where no records are cited to support his discounting of Mr. Suess' work-hours opinion prevents the Court evaluating whether his assessment is supported by substantial evidence.  Id.; Hanna v. Astrue, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for [her] decision with clarity to enable us to conduct meaningful review."); Morris v. Soc. Sec. Admin., Comm'r, No. 5:20-CV-01369, 2021 WL 3191949, at *3 (N.D. Ala. July 28, 2021) (noting "nothing in [the new

9

Regulations] relieves an ALJ of his obligation to explain his reasoning in a manner that permits the court to conduct meaningful review").

Further, any attempt by the Commissioner now to point to specific medical evidence that might be inconsistent with Mr. Suess' opinion cannot be considered. Doc. 15 at 21. Defendant's explanation is a post-hoc rationalization, which this Court cannot consider. Dempsey v. Comm'r of Soc. Sec., 454 F. App'x 729, 733 (11th Cir. 2011) (explaining a court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion") (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)); NLRB v. Ky. River Cmty. Care, Inc., 532 U.S. 706, 715 n.1 (2001) (explaining a court reviewing administrative agency action may not "substitute counsel's post hoc rationale for the reasoning supplied by the" agency itself). In sum, the ALJ failed to adequately articulate his reasons for rejecting Mr. Suess' opinion on Plaintiff's ability to work only three hours a day and, thus, the Court cannot conclude whether the ALJ properly rejected this opinion.

To be clear, the undersigned takes no stance on the correctness of Mr. Suess' opinion and is not suggesting the ALJ must, or should, find his opinion persuasive. Dyer, 395 F.3d at 1210 ("[The court] may not decide facts anew, reweigh the evidence, or substitute [the court's] judgment for that of the Commissioner."). Rather, if the ALJ discredits Mr. Suess' opinion, he must explain his decision to do so, particularly with respect to supportability and consistency. Pierson v. Comm'r of Soc. Sec., No. 6:19-cv-01515, 2020 WL 1957597 at *6 (M.D. Fla. Apr. 8, 2020) ("[T]he new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020). Without such guidance from the ALJ, the undersigned is unable to exercise meaningful judicial review.

### 2. *Whether the ALJ properly evaluated the opinion of Dr. Bovinet.*

Plaintiff challenges the ALJ's treatment of Dr. Bovinet's opinion, arguing ALJ Peeples did not adequately address the persuasiveness of Dr. Bovinet's opinion. Dr. Bovinet opined Plaintiff was limited to working only 3 hours a day at medium duty and must avoid sitting for longer than 40 minutes, standing for longer than 25 minutes, she could only walk moderate distances on occasion and must avoid prolonged writing greater than 30 minutes. R. 1762. The ALJ rejected Dr. Bovinet's opinion because it was not supported by his previous findings. Additionally, the ALJ found the opinion less persuasive because it was not consistent with objective physical examination findings and treatment records noting no gait abnormality.

ALJ Peeples first addressed the supportability of Dr. Bovinet's opinion when noting Dr. Bovinet's 2018 and 2019 opinions were at odds. In Dr. Bovinet's June 2018 opinion, he stated he agreed with the limitations set forth by Mr. Suess, except Plaintiff is also limited to walking two to three hours a day.[5] R. 1692. In June 2019, Dr. Bovinet opined Plaintiff cannot sit for longer than 40 minutes at a time, stand for more than 25 minutes at a time, and may only walk moderate distances on occasion. R. 1762. There is no apparent material difference between the June 2018 and June 2019 opinions. The Court cannot see how Dr. Bovinet's 2018 assessment undermines the supportability of his 2019 assessment. The ALJ provides no further explanation. Instead, ALJ Peeples provides a conclusory statement that Dr. Bovinet's June 2019 opinion is less persuasive because it was not supported with objective physical examination findings. R. 94. But ALJ Peeples does not indicate what these objective physical examination findings are

---

[5]  Mr. Suess opined Plaintiff was limited to a 3 hour work day, sitting for a total of 3 hours a day for no more than 35-40 minutes at a time, standing for 1-2 hours a day for no or than 25 minutes at a time, and walking for 3-4 hours a day, with only occasional long distances. R. 1223.

other than the seemingly consistent June 2018 and June 2019 findings, which provides no guidance.

If ALJ Peeples believes these physical examination findings are inconsistent, he must explain why. Hanna, 395 F. App'x at 636 ("The ALJ must state the grounds for [her] decision with clarity to enable us to conduct meaningful review."); Morris, 2021 WL 3191949, at *3 (noting "nothing in [the new Regulations] relieves an ALJ of his obligation to explain his reasoning in a manner that permits the court to conduct meaningful review"). ALJ Peeples' terse treatment has precluded this Court from conducting meaningful review of his supportability assessment of Dr. Bovinet's opinion. Works, 2021 WL 690126, at *15 ("Though 20 C.F.R. § 416.920c(b) recognizes that an ALJ cannot possibly articulate for each medical source how the ALJ considered all of the § 416.920c(c) factors, § 416.920c(b) requires more than a conclusory statement, at least with respect to the supportability and consistency factors so that a reviewing court can make a meaningful assessment of a challenge to an ALJ's evaluation of the persuasiveness of various medical opinions.").

To be clear, as with Mr. Suess, the undersigned takes no stance on the correctness of Dr. Bovinet's opinion and is not suggesting the ALJ must, or should, find his opinion persuasive. Dyer, 395 F.3d at 1210 ("[The court] may not decide facts anew, reweigh the evidence, or substitute [the court's] judgment for that of the Commissioner."). Rather, if the ALJ discredits Dr. Bovinet's opinion, he must explain his decision to do so, particularly with respect to supportability and consistency. Pierson, 2020 WL 1957597 at *6 ("[T]he new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."). Without such guidance from the ALJ, the undersigned is unable to exercise meaningful judicial review.

Accordingly, I also **RECOMMEND** the Court **REMAND** this case based on the ALJ's failure to properly assess the opinions of Mr. Suess and Dr. Bovinet.[6] Importantly, the failure to properly weigh both Mr. Suess and Dr. Bovinet's opinions is problematic. If the ALJ had accepted their findings, Plaintiff would be limited to working only three hours a day. The vocational expert testified a restriction limiting Plaintiff to working only three hours a day would eliminate all competitive employment. R. 318. Therefore, had the ALJ found these two sources persuasive, the ALJ would have found Plaintiff disabled and awarded her benefits.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in a brief must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

---

[6] Because I have recommended the Court remand on these bases, I decline to address Plaintiff's remaining enumeration of error.

findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 4th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA