# In the United States District Court for the Southern District of Georgia Waycross Division

CYNTHIA PATRICE EVANS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CV 520-127

### ORDER

Before the Court is a motion for attorney's fees filed by George Piemonte, counsel for Plaintiff Cynthia Evans. Dkt. No. 24. Counsel moves, pursuant to 42 U.S.C. § 406(b) of the Social Security Act, for an award of attorney fees of $16,131.50 out of past due Social Security insurance benefits payable to Plaintiff as reasonable contingent attorney fees for representation of Plaintiff in this action. Plaintiff's counsel acknowledges that he was previously awarded EAJA fees of $7,558.04 after this case was remanded for further proceedings. See Dkt. No. 23. Therefore, counsel requests the net difference between the contracted contingency fee, $16,131.50, and the fees previously awarded, $7,558.04, for a total of $8,573.46.

The Commissioner takes no position on counsel's request for attorney's fees. Dkt. No. 25. Nevertheless, the Court must

decide whether the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law. Gisbrecht v. Barnhart, 535 U.S. 789, 809 (2002) (Section 406(b) "instructs courts to review for reasonableness fees yielded by [contingent-fee] agreements."). "[C]ourts must look to the agreement made by the parties and independently review whether the resulting fee is reasonable under the circumstances." Gossett v. Soc. Sec. Admin., Comm'r, 812 F. App'x 847, 851 (11th Cir. 2020) (quoting Keller v. Comm'r of Soc. Sec., 759 F.3d 1282, 1284 (11th Cir. 2014)). Among the circumstances to consider are the effective hourly fee rate, whether an attorney's success is attributable to his own work or instead to some unearned advantage, the attorney's degree of expertise, the adequacy of representation, the percentage of back benefits sought, the attorney's risk of loss, the time spent and work performed by counsel, the overall complexity of the case, the lawyering skills necessary to handle it effectively, and the significance of the result achieved. See id. at 850-51.

Here, the contingency fee agreement signed by Plaintiff and counsel provides for "fees of no more than 25% of all back benefits paid." Dkt. No. 24-3. Plaintiff's counsel "provided approximately 34.40 hours of attorney services before the district court." Dkt. No. 24-1 at 4; see also Dkt. No. 24-5. If counsel were awarded the fees requested, that is, twenty-five

percent of Plaintiff's $64,526.00 award in past due benefits, dkt. no. 24-1 at 1, counsel's effective hourly rate would be $468.94. This rate is significantly higher than the hourly rate typically charged by counsel. See Dkt. No. 24-5 at 3; see also Dkt. No. 24-1 at 6 ("A reasonable market-based non-contingent hourly rate for these services would be $350-$425 per hour for an experienced Social Security disability litigator."). Further, counsel's arguments in this case were not complex,[1] and counsel has made similar constitutional arguments in other briefs before this Court. Notably, though, counsel has significant experience and skill in Social Security disability representation and achieved a favorable outcome for Plaintiff. Further, by providing services on a contingent basis, counsel bore a significant risk that the outcome of Plaintiff's case would be unsuccessful.

Taking all these things into consideration, the Court finds that a slight reduction of the fees requested is appropriate. Accordingly, counsel's motion for attorney's fees is **GRANTED in part**. Plaintiff's counsel is awarded $7,605.00 in net attorney fees.

---

[1] Plaintiff's arguments were that the Commissioner's final decision in denying benefits is constitutionally defective and the ALJ did not give reasons supported by substantial evidence for discounting medical opinions. Dkt. No. 14.

3

**SO ORDERED**, this 25 day of April, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA